UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARRY KORCSMAROS,

    Plaintiff,

v.                                          Case No.:

UNITED RECEIVABLES GROUP, LLC,
A Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, BARRY KORCSMAROS (hereinafter "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, UNITED RECEIVABLES GROUP, LLC (hereinafter "Defendant") and alleges the following in support thereof:

1. This is an action for damages and injunctive relief brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. *See, Mims v. Arrow Fin. Servs. LLC,* 132 S.Ct. 740 (U.S. 2012). This Court has supplemental jurisdiction over the FCCPA claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and/or omissions giving rise to this action occurred in this State and this District, where Plaintiff resides in this State and this District, and where Defendant transacts business in this State and this District.

## PARTIES

4. Plaintiff is natural person, and a citizen of the State of Florida, residing in Pinellas County, Florida.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(a).

6. Defendant is a foreign limited liability company doing business in Florida.

7. Defendant holds itself out as a business providing debt collection services and identified itself as a "debt collector" when communicating with Plaintiff.

8. Defendant uses the telephone, internet and/or mails in a business the principal purpose of which is the collection of debts.

9. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Defendant holds a Consumer Collection Agency License issued by the Florida Office of Financial Regulation.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

12. At all times material, Defendant was acting as a debt collector when communicating with Plaintiff.

13. At all times material hereto, Defendant was a corporation subject to the FCCPA. *See, e.g.*, *Cook v. Blazer Fin. Services, Inc.*, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976)

(citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

14. Plaintiff is the owner, regular user and possessor of cellular telephone number (727) 326 – 2121.

15. Defendant's telephone calls, as alleged more specifically below, were all made to Plaintiff's cellular telephone number (727) 420 – 4837 using an automatic telephone dialing system, a predictive telephone dialing system, and/or an artificial or pre-recorded voice.

16. All of the telephone calls at issue were placed by Defendant through equipment which has the capacity to dial telephone numbers without human intervention. Such equipment falls within the purview of, and is subject to, the TCPA. *See, In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 2015 WL 4387780, at *8 (July 15, 2015).

17. Defendant's telephone calls, as alleged more specifically below, were all made in an attempt to collect a financial obligation from Plaintiff (hereinafter, the "Alleged Debt").

18. Upon information and belief, the Alleged Debt consists of amounts allegedly due for private student loans and, as such, the Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6) as it is a financial obligation allegedly incurred by Plaintiff primarily for personal, family or household purposes.

19. Within four (4) years of the filing of this lawsuit, Defendant began placing telephone calls through the use of the equipment described above to Plaintiff's cellular telephone in an attempt to collect the Alleged Debt.

20. In or around October of 2015, Plaintiff, upon answering a telephone call placed by Defendant to Plaintiff's cellular telephone, was met with a pre-recorded or artificial/computerized voice message asking Plaintiff to "please press zero to be connected to one of our agents immediately". After Plaintiff was connected to a live representative, Plaintiff demanded that Defendant cease placing telephone calls to Plaintiff's cellular telephone.

21. During the aforementioned telephone conversation, Plaintiff expressly revoked any consent Defendant may have had to place telephone calls to Plaintiff's cellular telephone through the use of an artificial or pre-recorded voice and/or the telephone equipment described above by clearly expressing his desire not to receive further telephone calls from Defendant. *See, In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2015 WL 4387780, at ¶ 63 (F.C.C. July 10, 2015).

22. During the aforementioned telephone conversation, Defendant was placed on notice that all reasonable efforts of negotiation and persuasion with respect to resolving the alleged Debt had failed.

23. Subsequent to the aforementioned telephone conversation, Defendant continued to place telephone calls through the use of the telephone equipment described above to Plaintiff's cellular telephone in an attempt to collect the Alleged Debt.

24. Subsequent to the aforementioned telephone conversation, Plaintiff informed Defendant on numerous occasions that Plaintiff desired not to receive further telephone calls from Defendant.

25. Notwithstanding Plaintiff's repeated instructions, Defendant continued to place telephone calls using an artificial or pre-recorded voice and/or the equipment described above to Plaintiff's cellular telephone in an attempt to collect the Alleged Debt.

26. Within the one (1) year period of time preceding the commencement of this action, Defendant placed repeated telephone calls to Plaintiff's cellular telephone in which Defendant left voicemail messages on Plaintiff's cellular telephone identifying itself only as "URG".

27. After Plaintiff had demanded that Defendant stop calling his cellular telephone, Defendant placed repeated telephone calls to Plaintiff's cellular telephone the pattern and frequency of which included multiple calls in a single day, multiple calls within less than two (2) hours, and calls on back-to-back-days.

## **COUNT I – VIOLATIONS OF 47 U.S.C. 227(b)(1)(A)(iii)**

28. Plaintiff re-asserts and re-alleges paragraphs 1 through 27 as if fully restated herein.

29. Defendant is subject to, and has violated the provisions of, 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to Plaintiff's cellular telephone through the use of an artificial or pre-recorded voice and/or telephone equipment that falls within the purview of, and is subject to, the TCPA without Plaintiff's prior express consent.

30. Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were knowing or willful, in that at all times material herein Defendant knew it was calling Plaintiff's cellular telephone for non-emergency purposes through the use of an artificial or pre-recorded voice and/or telephone equipment that falls within the purview of, and is subject to, the TCPA without Plaintiff's prior express consent.

31. As a direct and proximate result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff has suffered the periodic loss of his cellular telephone service, lost material costs associated with the use of peak time cellular telephone minutes allotted under his cellular telephone service contract, the expenditure of attorney's fees and costs associated with the prosecution of this matter, stress, anxiety, loss of sleep and deterioration of relationships both professional and personal.

32. In light of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to injunctive relief and statutory or actual damages pursuant to 47 U.S.C. § 227(b)(3).

### COUNT II – VIOLATION OF 15 U.S.C § 1692d

33. Plaintiff re-asserts and re-alleges paragraphs 1 through 27 as if fully restated herein.

34. Defendant is a debt collector and attempted to collect a consumer debt from Plaintiff through the telephone calls detailed above.

35. In doing so, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is harass, oppress, or abuse any person in connection with the collection of a debt.

36. As a direct and proximate result of Defendant's violations of 15 U.S.C. § 1692d, Plaintiff has sustained actual damages including but not limited to mental suffering, anguish, stress, anxiety, frustration, worry, fear, loss of sleep and loss of personal / financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

### COUNT III – VIOLATION OF 15 U.S.C. § 1692d(5)

37. Plaintiff re-asserts and re-alleges paragraphs 1 through 27 as if fully restated herein.

38. Defendant is a debt collector and attempted to collect a consumer debt from Plaintiff through the telephone calls detailed above.

39. The pattern and frequency of the telephone calls evidence an intent to annoy, abuse, or harass Plaintiff.

40. By and through Defendant's telephone calls to Plaintiff, Defendant violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

41. As a direct and proximate result of Defendant's violations of 15 U.S.C. § 1692d(5), Plaintiff has sustained actual damages including but not limited to mental suffering, anguish, stress, anxiety, frustration, worry, fear, loss of sleep and loss of personal / financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## COUNTY IV – VIOLATION OF 15 U.S.C. § 1692d(6)

42. Plaintiff re-asserts and re-alleges paragraphs 1 through 27 as if fully restated herein.

43. Defendant is a debt collector and attempted to collect a consumer debt from Plaintiff through the telephone calls detailed above.

44. By leaving voicemail messages identifying itself only as "URG", Defendant placed telephone calls to Plaintiff without meaningful disclosure of Defendant's identity in violation of 15 U.S.C. § 1692d(6). *See, e.g., Catencamp v. Cendant Timeshare Resort Group-Consumer Fin., Inc.*, 471 F.3d 780, 782 (7th Cir. 2006)(recognizing "the norm that unsophisticated readers do not see through acronyms when the creditor's full name is missing.").

45. As a direct and proximate result of Defendant's violations of 15 U.S.C. § 1692d(5), Plaintiff has sustained actual damages including but not limited to mental suffering, anguish, stress, anxiety, frustration, worry, fear, loss of sleep and loss of personal / financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

### COUNT V – VIOLATION OF FLA. STAT. § 559.72(7)

46. Plaintiff re-asserts and re-alleges paragraphs 1 through 27 as if fully restated herein.

47. As more fully detailed above, Defendant willfully communicated with Plaintiff on numerous occasions in an attempt to collect the alleged Debt after all reasonable efforts at negotiation and persuasion had failed.

48. Defendant is subject to, and has violated the provisions of, Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff in an attempt to collect the Alleged Debt.

49. Defendant is subject to, and has violated the provisions of, Fla. Stat. § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass Plaintiff in connection with Defendant's attempts to collect the Alleged Debt.

50. As a direct and proximate result of Defendant's violation of Fla. Stat. § 559.72(7), Plaintiff has suffered the periodic loss of his cellular telephone service, lost material costs associated with the use of peak time cellular telephone minutes allotted under his cellular telephone service contract, the expenditure of attorney's fees and costs associated with the prosecution of this matter, stress, anxiety, loss of sleep and deterioration of relationships both professional and personal.

51. In light of Defendant's violation of Fla. Stat. § 559.72(7), Plaintiff is entitled to actual damages, statutory damages, injunctive relief, attorney's fees and costs of litigation pursuant to Fla. Stat. § 559.77.

52. As the continuous and consistent nature of Defendant's violation of Fla. Stat. § 559.72(7) evidences Defendant's intentional misconduct or gross negligence, Plaintiff is entitled to an award of punitive damages pursuant to Fla. Stat. § 768.72. *See, Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1214 (M.D. Fla. 2015).

## PAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests judgment against Defendant and in favor of Plaintiff:

a. Enjoining further TCPA violations through the placement of telephone calls to Plaintiff's cellular telephone pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Awarding actual monetary loss from violations of the TCPA, or $500 in damages for each such violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Awarding treble damages for willful or knowing violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

d. Awarding maximum statutory damages for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A).

e. Awarding actual damages sustained as a result of FDCPA violation pursuant to 15 U.S.C. § 1692k(a)(1).

f. Awarding reasonable attorney's fees and costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

g. Awarding maximum statutory damages for violations of the FCCPA pursuant to Fla. Stat. § 559.77(2);

h. Awarding actual damages sustained as a result of FCCPA violations pursuant to Fla. Stat. § 559.77(2);

i. Enjoining further FCCPA violations against Plaintiff pursuant to Fla. Stat. § 559.77(2);

j. Awarding reasonable attorney's fees and court costs incurred by Plaintiff pursuant to Fla. Stat. § 559.77(2);

k. Awarding punitive damages for FCCPA violations pursuant to Fla. Stat. § 768.72; and

l. Awarding any and all other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Dated: August 22, 2016

                                           Respectfully submitted by:

                                           /s/ *Benjamin W. Raslavich*
                                           **BENJAMIN W. RASLAVICH, ESQ.**
                                           Florida Bar No.: 102808
                                           E-mail: Ben@raslavichlaw.com
                                           **RASLAVICH LAW, P.A.**
                                           3225 S. MacDill Ave., Suite 129-272
                                           Tampa, Florida 33629
                                           Phone: 813-422-7782
                                           Fax:    813-422-7783